# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-3157
_____

United States of America

*Plaintiff - Appellee*

v.

Dapree Richard Christlieb-Peterson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: July 29, 2026
Filed: August 3, 2026
[Unpublished]
_____

Before LOKEN, L.R. SMITH, and BENTON, Circuit Judges.
_____

PER CURIAM.

Dapree Christlieb-Peterson appeals after he pleaded guilty to child sex offenses pursuant to a plea agreement containing an appeal waiver. The government has moved to dismiss the appeal based on the appeal waiver. Christlieb-Peterson's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the substantive reasonableness of the prison sentence.

In a pro se supplemental brief, Christlieb-Peterson challenges the district court's failure to order a competency hearing and argues that his plea and sentence were infirm.

Even assuming Christlieb-Peterson did not waive the right to challenge his competency by virtue of his appeal waiver, see United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review); United States v. Rickert, 685 F.3d 760, 764 n.2 (8th Cir. 2012), his challenge fails. To the extent he suggests in his pro se brief that the district court[1] should have ordered a competency hearing sua sponte, we conclude that the court did not abuse its discretion because, despite his mental-health issues, the change of plea hearing provided substantial evidence, confirmed at sentencing, for the court to conclude that he was able to understand the nature and consequences of the proceedings and was able to assist properly in his defense. See United States v. Denby, --- F.4th ---, 2026 WL 2068466, at *2-3 (8th Cir. July 17, 2026); United States v. Luscombe, 950 F.3d 1021, 1027 (8th Cir. 2020) (standard of review). Relatedly, this evidence contradicts his argument that the plea was unknowing and involuntary, as his statements demonstrated that he was responsive, engaged, and of sound mind; was fully satisfied with counsel; and understood the proceedings, charges, penalties, plea agreement, appeal waiver, and consequences of pleading guilty. See United States v. Rollins, 552 F.3d 739, 741-42 (8th Cir. 2009); United States v. Andis, 333 F.3d 886, 890-91 (8th Cir. 2003) (en banc); Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997). To the extent he implies that trial counsel was ineffective for failing to raise a competency issue, we decline to consider the claim on direct appeal. See Denby, 2026 WL 2068466, at *3.

As to counsel's substantive-reasonableness challenge, we grant the government's motion to dismiss because the challenge falls within the scope of the

---

[1]The Honorable Eric C. Tostrud, then United States District Judge for the District of Minnesota, now Chief Judge.

appeal waiver, Christlieb-Peterson knowingly and voluntarily entered into the plea agreement and appeal waiver, and no miscarriage of justice would result. See Hunter v. United States, 146 S. Ct. 1702, 1708, 1713-14 (2026); Andis, 333 F.3d at 889-92. Finally, having independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we have found no non-frivolous issues for appeal outside the scope of the appeal waiver.

Accordingly, we affirm as to the competency-related challenge, we grant the government's motion to dismiss as to the remainder of the appeal, and we grant Christlieb-Peterson's counsel leave to withdraw.

_____